DAVID H. KRAMER, State Bar No. 168452
Email: dkramer@wsgr.com
KELLY M. KNOLL, State Bar No. 305579
Email: kknoll@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

*Counsel for Defendant*
YOUTUBE, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DASHAY HALL SR.,<br><br>  Plaintiff,<br><br>  v.<br><br>YOUTUBE, LLC,<br><br>  Defendant. | CASE NO.: 3:24-cv-04071-WHO<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Before:  Hon. William H. Orrick<br>Courtroom:  2<br>Hearing Date:  January 14, 2026<br>Time:  2:00 p.m. |

# TABLE OF CONTENTS

BACKGROUND ...................................................................................................................... 1

    A.    Hall's Original Complaint ............................................................................... 1

    B.    Hall's Amended Complaint ............................................................................ 2

    C.    Hall's Motion to Alter or Amend Judgment .................................................. 3

LEGAL STANDARD ............................................................................................................... 4

ARGUMENT ............................................................................................................................ 5

I.    HALL DOES NOT MEET THE STRICT REQUIREMENTS FOR RECONSIDERATION ........................................................................................... 5

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*389 Orange St. Partners v. Arnold*,
    179 F.3d 656 (9th Cir. 1999).................................................................................................4

*Allstate Ins. Co. v. Herron*,
    634 F.3d 1101 (9th Cir. 2011).................................................................................................4

*Arnett Facial Reconstruction Courses, Inc. v. Patterson Dental Supply, Inc.*,
    2013 U.S. Dist. LEXIS 201540 (C.D. Cal. Apr. 5, 2013)..........................................................5

*Barnes v. Yahoo!, Inc.*,
    570 F.3d 1096 (9th Cir. 2009).................................................................................................8

*Brooks v. Illumination Found.*,
    2025 U.S. Dist. LEXIS 177217 (C.D. Cal. Sept. 9, 2025).........................................................6

*Cal. Crane Sch., Inc. v. Google LLC*,
    2024 U.S. Dist. LEXIS 127163 (N.D. Cal. July 18, 2024) .......................................................4

*Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
    2 Cal. 4th 342 (1992)..............................................................................................................8

*Cnty. of Santa Clara v. Trump*,
    267 F. Supp. 3d 1201 (N.D. Cal. 2017) ..................................................................................8

*Contour IP Holding, LLC v. GoPro, Inc.*,
    No. 3:17-cv-04738-WHO, ECF No. 748 (N.D. Cal. July 11, 2025).........................................4

*Deppe v. Cohen*,
    2025 U.S. Dist. LEXIS 254995 (C.D. Cal. Dec. 8, 2025).........................................................6

*Dixon v. Wallowa Cnty.*,
    336 F. 3d 1013 (9th Cir. 2003)................................................................................................5

*Doe v. Internet Brands, Inc.*,
    824 F.3d 846 (9th Cir. 2016) (*see* Mot. ) ............................................................................8, 9

*Doe v. Selective Serv. Sys.*,
    2025 U.S. Dist. LEXIS 121040 (N.D. Cal. June 25, 2025) .....................................................4

*Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*,
    938 F.3d 1026 (9th Cir. 2019).................................................................................................8

*Fair Housing Council v. Roommates.com*,
    521 F.3d 1157 (9th Cir. 2008) ................................................................................................ 8

*Feature Realty, Inc. v. City of Spokane*,
    331 F. 3d 1082 (9th Cir. 2003) ............................................................................................... 5

*Gastelum v. Blue Diamond Hosp. LLC*,
    2023 U.S. Dist. LEXIS 128366 (N.D. Cal. July 25, 2023) ..................................................... 7

*Henry v. Adventist Health Castle Med. Ctr.*,
    970 F.3d 1126 (9th Cir. 2020) ................................................................................................ 9

*Kona Enters. v. Est. of Bishop*,
    229 F.3d 877 (9th Cir. 2000) .................................................................................................. 4

*Roshan v. Lawrence*,
    2024 U.S. Dist. LEXIS 211430 (N.D. Cal. Nov. 20, 2024) .................................................... 8

*Rupert v. Bond*,
    2015 U.S. Dist. LEXIS 1059 (N.D. Cal. Jan. 6, 2015) ........................................................... 7

*Saba v. UNISYS Corp.*,
    2015 U.S. Dist. LEXIS 122302 (N.D. Cal. Sep. 14, 2015) ..................................................... 6

*Wood v. Ryan*,
    759 F.3d 1117 (9th Cir. 2014) ................................................................................................ 4

**Statutes**

47 U.S.C. § 230 ................................................................................................................. 1, 2, 3, 8

**Other Authorities**

Fed. R. Civ. P. 59(e) ................................................................................................................ *passim*

Fed. R. Civ. P. 60(b)(2) ................................................................................................................ 5

*Pro se* Plaintiff Dashay Hall's motion to amend the judgment under FRCP 59 is the latest misguided step in his failed lawsuit against YouTube over its content-moderation program. As YouTube showed and as this Court held, neither Plaintiff's original Complaint, nor the Amended Complaint that followed, came close to stating an actionable claim against YouTube, much less one that escaped federal law's robust protections for online services found in 47 U.S.C. § 230. Hall clearly does not like the law or the Court's orders resulting in judgment against him in the case. Indeed, he spends much of his latest brief airing irrelevant grievances about the Court and YouTube. None is a basis for revisiting much less altering the judgment. Hall's motion must be denied.

**BACKGROUND**

**A.    Hall's Original Complaint**

In his original Complaint, Hall claimed to be the target of false copyright infringement notices submitted by another YouTube user, whom Hall also accused of harassing him across various social media platforms. Plaintiff sought to hold YouTube liable on the theory that, by removing (or failing to reinstate) his videos, and by failing to remove others' videos he found objectionable or to otherwise protect him from harassment, YouTube had committed copyright infringement, breached its Terms of Service agreement (TOS), and committed various other violations of state law. YouTube moved to dismiss the Complaint and, in a comprehensive ruling issued on May 5, 2025, the Court dismissed the Complaint in its entirety. ECF No. 28 ("May 5 Order").

As for Hall's contract claims, the Court found that, while Hall claimed that YouTube had breached promises in its TOS or Community Guidelines in its handling of copyright notices and counter-notices and its content-moderation decisions, Hall had failed to identify any provisions that were supposedly violated. May 5 Order at 6-8. The Court went on to explain that, "[e]ven more problematic for Hall, YouTube's TOS expressly reserves broad discretion to YouTube to remove or retain content and disclaims any obligation to host content," which "would likely defeat Hall's breach of contract claim based on an express provision, and would likewise preclude his implied covenant claims." *Id.* at 8-9. In granting Hall an opportunity to amend his contract claims,

the Court offered Hall clear direction: "If he chooses to amend his claims, he must identify the specific provisions of YouTube's TOS or Community Guidelines that he believes YouTube violated, as well as facts that show YouTube made acts in bad faith or that YouTube otherwise took acts with respect to him that went beyond its handling of his DMCA notices and counter-notices, closing or reopening his channels, or failing to remove content he found objectionable." *Id.* at 9.

As for Hall's tort claims, the Court found Hall's allegations legally insufficient. *Id.* at 9-11. The Court explained that "Hall's negligence claim fails under traditional tort principles." *Id.* at 10 (explaining that, under California law, there is generally "no duty to protect others from conduct of third parties – here the alleged allowing of content on YouTube sites that violated Hall's alleged copyrights or harassed him or his family"). And Hall failed to plead basic elements of his tortious interference claims: "Hall fails to identify any specific relationships or contracts with which YouTube allegedly interfered" and had not identified "the existence of an 'economic relationship with some third party that contains the probability of future economic benefit to the plaintiff,' . . . much less alleged that YouTube knew of that specific relationship and intended to disrupt it." *Id.* at 10-11. Finally, the Court held that Hall's tort claims were in any event barred by the federal statutory immunity for online services in 47 U.S.C. § 230(c). As the Court explained, "Hall's allegations are premised on YouTube's decisions to allow or disallow specific videos and to host or shut down channels, which all falls squarely within Section 230 immunity." *Id.* at 11-12. The Court permitted Hall leave to amend his tort claims "in case Hall is able to allege an actionable tort claim[] that falls outside the scope of Section 230's immunity." *Id.* at 12.

### B. Hall's Amended Complaint

Despite having been apprised of his claims' deficiencies, Hall did not materially alter his allegations in the FAC, ECF No. 29. The FAC offered only a handful of new allegations concerning, for example, the temporary suspension of his channel for a 7-day period based on YouTube's child-safety policy (FAC ¶¶ 16-21, 47) and further "misconduct and system abuse" by third parties (FAC ¶¶ 31-32). But as YouTube explained in its motion to dismiss (ECF No. 37), what Hall offered was simply more of the same. The FAC still did not tie YouTube's supposed

wrongs to any specific contractual promise, statutory violation, or tort.

On November 24, 2025, the Court granted YouTube's motion to dismiss the Amended Complaint—this time, with prejudice. ECF No. 41 ("Nov. 24 Order"). Once again, the Court found that Hall's contract claim failed "for numerous reasons," including Hall's continued failure to identify with specificity any contractual promise that YouTube purportedly breached. Nov. 24 Order at 2-5; *see also id.* at 5 (explaining "I gave Hall the opportunity to amend to attempt to allege a claim based on a specific and enforceable contractual promise by YouTube, but he could not do so."). In addition, the Court found that each of Hall's tort claims failed on the merits. Nov. 24 Order at 5-8. Hall again had not shown that YouTube was under any duty to protect him from the conduct of third parties and so could not state a claim for negligence. *Id*. at 6. And having failed to allege any specific relationship or contract with which YouTube had supposedly interfered, Hall still could not state a tortious interference claim. *Id*. at 7. More generally, the Court explained that, "as before, all of Hall's claims are based on actions YouTube's content moderation: they are based on acts YouTube took or did not take with respect to DMCA notices and suspension or failure to suspend Hall's or other content creators' channels." *Id*. at 7-8. "For that reason," the Court held, "Hall's tort claims are barred by Section 230 immunity." *Id.*[1] The Court entered judgment shortly thereafter.

### C. Hall's Motion to Alter or Amend Judgment

On December 3, Hall filed this motion to alter or amend the judgment. *See* Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) and for Leave to File Second Amended Complaint, ECF No. 43 ("Motion" or "Mot."). Hall bizarrely claims that he filed the Motion "to present newly discovered evidence of active federal racketeering litigation" and "to correct manifest errors of fact and law that render the Dismissal Order legally unsustainable." Mot. at 1. Hall's Motion, however, repeats many of the same arguments Hall made before, cites many of the same authorities this Court has already considered, and once again substitutes rhetoric for

---

[1] In the same Order, the Court denied a motion for sanctions that Hall had brought based on a supposed "'persistent and escalating pattern of retaliatory' actions based on YouTube's 'direct actions, its automated systems, of failure to curb abuse by third parties.'" Nov. 24 Order at 8-9 (quoting ECF No. 30 at 1-2).

substance. *See, e.g.*, Mot. at 2 ("The Court's current Order does not merely dismiss a complaint; it effectively grants a trillion-dollar corporation the judicial blessing to profit from federal crimes, facilitate witness tampering, and brand a *pro se* litigant as a child sex offender without evidence.").[2] Hall's Motion should be denied, and this case should end.

## LEGAL STANDARD

Amending a final judgment pursuant to Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters.*, 229 F.3d at 890 (internal citations omitted).

Importantly, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona,* 229 F.3d at 890-91; *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) ("[r]aising the argument . . . in his motion for reconsideration was simply too little, too late"). Nor can it be used to repeat or rehash the same arguments that were already presented to the district court. *See Doe v. Selective Serv. Sys.*, 2025 U.S. Dist. LEXIS 121040, at *4 (N.D. Cal. June 25, 2025) ("Because the Court has already considered—and rejected—Plaintiffs' arguments in its order dismissing the case, the Court need not revisit Plaintiffs' rehashed arguments."); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (affirming denial of Rule 59(e) motion where party merely reargued his position in asking the court to reconsider its judgment).

"The party moving to set aside judgment bears the 'burden to establish a basis for reconsideration under Rule 59(e) or 60(b).'" *Cal. Crane Sch., Inc. v. Google LLC*, 2024 U.S. Dist.

---

[2] Hall's reliance on this Court's order in *Contour IP Holding, LLC v. GoPro, Inc.*, No. 3:17-cv-04738-WHO, ECF No. 748 (N.D. Cal. July 11, 2025), is misplaced. In *Contour IP Holding*, the Court granted a party's request for reconsideration where a new Federal Circuit decision constituted an intervening change in controlling law that bore directly on the Court's prior order. *Id.* Nothing remotely similar is asserted by Hall.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT     4     CASE NO.: 3:24-CV-04071-WHO

LEXIS 127163, at *3 (N.D. Cal. July 18, 2024) (citation omitted), *aff'd*, 2025 U.S. App. LEXIS 22861 (9th Cir. Sept. 4, 2025).

## ARGUMENT

### I.  HALL DOES NOT MEET THE STRICT REQUIREMENTS FOR RECONSIDERATION

Hall's Motion fails to clear the high bar that Rule 59(e) sets for altering a judgment and runs headlong into the rule that Rule 59(e) does not allow a party to relitigate old matters or raise arguments that could have been raised prior to the entry of judgment.

***Newly Discovered Evidence.*** "To justify an amendment" based on newly-discovered evidence, the movant must "show that the evidence was discovered after the judgment, that the evidence could not be discovered earlier through due diligence, and that the newly discovered evidence is of such a magnitude that had the court known of it earlier, the outcome would likely have been different." *Dixon v. Wallowa Cnty.*, 336 F. 3d 1013, 1022 (9th Cir. 2003). Hall does not do so.

Hall first points to two other actions—the first, a RICO action that Hall himself filed against various individuals (but not YouTube) on November 21 and, the second, an action that a third party filed against "Troi Torain" on November 5. Mot. at 3-4. But even if these actions could be construed as "evidence," Hall admits that he knew of them days or weeks before the judgment was entered in this case and so they are not "newly discovered" under Rule 59(e).[3] Besides that, Hall has not demonstrated why still more allegations of supposed third-party misconduct would compel a different result in this litigation against YouTube. *See Arnett*, 2013 U.S. Dist. LEXIS 201540, at *12 ("Newly discovered evidence must be material and cannot be merely cumulative or impeaching.").

---

[3] *See Arnett Facial Reconstruction Courses, Inc. v. Patterson Dental Supply, Inc.*, 2013 U.S. Dist. LEXIS 201540, at *9-10 (C.D. Cal. Apr. 5, 2013) (collecting cases and explaining that "[e]vidence discovered prior to issuance of [the court's dispositive order] is not 'new'"); *Feature Realty, Inc. v. City of Spokane*, 331 F. 3d 1082, 1093 (9th Cir. 2003) (affirming court's denial of motion for relief from judgment under equivalent Rule 60(b)(2) standard where counsel received new information eight days before the entry of judgment because "[e]vidence 'in the possession of the party before the judgment was rendered is not newly discovered'") (citation omitted).

1  Hall also gestures at activity concerning his YouTube channel that followed the Court's
2  dismissal of his Amended Complaint and the entry of judgment. *See* Mot. at 4 (strike received on
3  November 25); Mot. at 5-6 (strike received on December 3). These claims too are duplicative of
4  Hall's prior allegations and, in any event, do not constitute "newly discovered evidence." *See*
5  *Brooks v. Illumination Found.*, 2025 U.S. Dist. LEXIS 177217, at *3-4 (C.D. Cal. Sept. 9, 2025)
6  (finding "allegedly new evidence" that did not exist at the time the case was filed was "not properly
7  raised under Rule 59(e)"); *Deppe v. Cohen*, 2025 U.S. Dist. LEXIS 254995, at *1-3 (C.D. Cal.
8  Dec. 8, 2025) (explaining that, "[u]nder Rule 59(e), the newly discovered evidence must be of
9  facts existing at the time of trial," and finding Plaintiff did "not properly rely on Rule 59(e)" where,
10 "[b]y Plaintiff's own account, he is alleging new facts about 'post-dismissal events'").

11 ***Claimed Errors of Fact.*** "While courts have generally not defined what constitutes clear
12 error under Rule 59(e), case law indicates that clear error should conform to a very exacting
13 standard. An error must be one on which the final judgment was predicated and must be one that
14 would alter the outcome of the case." *Saba v. UNISYS Corp.*, 2015 U.S. Dist. LEXIS 122302, at
15 *9 (N.D. Cal. Sep. 14, 2015) (Orrick, J.) (internal citations omitted). Hall identifies two purported
16 "errors" of fact, neither of which meets this high bar.

17 First, Hall claims that the Court dismissed his contract claim "based on a finding that
18 Plaintiff attached the 'Terms of Service for India'" when (Hall avers) he actually "attached the
19 United States Terms of Service." *See* Mot. at 6. That is incorrect, *see* ECF No. 29-2 at 69 (Hall
20 attached the Indian Terms of Service identifying the relevant service as "YouTubeIN"), but in any
21 event does nothing to salvage Hall's claim. As the Court explained, "***even if*** that TOS [attached to
22 the Amended Complaint] applied to Hall," his contract claim still suffered from numerous
23 fundamental, overlapping defects—including Hall's "fail[ure] to identify any specific promises in
24 the TOS or in the Community Guidelines that he believes YouTube breached" or to "allege[]
25 conduct in violation of the TOS or incorporated Community Guidelines that goes *beyond*
26 YouTube's 'handling of his DMCA notices and counter-notices, closing or reopening his
27 challenge, or failing to remove content he found objectionable.'" Nov. 24 Order at 2-5 (first
28 emphasis added).

Next, Hall claims that the Court erred because it "dismissed interference claims assuming YouTube and AdSense are the same entity." Mot. at 6. This misunderstands the Court's order—and ignores Plaintiffs' own allegations. In the FAC, Hall claimed interference with "Plaintiff's AdSense monetization agreement *with Google/YouTube*." FAC ¶ 81 (emphasis added). The Court correctly credited Hall's description of that agreement (as being "with Google/YouTube").[4] Regardless, it was not the sole basis for dismissal. In finding Hall failed to state a tortious interference claim based on his temporary inability to monetize his YouTube channel, the Court explained that "[t]he only specific contract [Hall] identified is the AdSense monetization agreement," which is "a contract with YouTube *where it retained 'complete discretion' whether to serve ads with particular content*.'" Nov. 24 Order at 7 (emphasis added). In other words, Hall did not (and could not) plausibly allege that YouTube tortiously interfered with a contract that afforded YouTube discretion to do precisely what it did. Hall's Motion does nothing to address that critical point.

***Claimed Errors of Law.*** Finally, Hall claims that the Court committed numerous legal errors, though his motion is vague about what they were. *See* Mot. at 6-10 (¶¶ 15-26). Regardless, "[a] manifest error of law is not merely one in which the party disagrees with the Court, but instead is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court.'" *Rupert v. Bond*, 2015 U.S. Dist. LEXIS 1059, at *4 (N.D. Cal. Jan. 6, 2015), *aff'd*, 771 F. App'x 777 (9th Cir. 2019) (citation omitted); *see Gastelum v. Blue Diamond Hosp. LLC*, 2023 U.S. Dist. LEXIS 128366, *10-11 (N.D. Cal. July 25, 2023) ("Disagreeing with the Court's decision is insufficient to establish a clear error."). Nothing in Hall's Motion comes close.

From Hall's vaguely-worded assertions, it is unclear what legal errors he believes the court has committed, which claims those errors purportedly affect, and why (or even whether) Hall believes that rectifying those supposed errors would salvage his complaint. *See* Mot. at 6-10. What is plain, however, is that the "errors of law" Hall asserts are almost entirely recycled from Hall's

---

[4] As the relevant terms make clear, both YouTube and AdSense are services offered by Google LLC. *See* ECF No. 37-1, Exs. 1, 3.

briefs opposing YouTube's motions to dismiss,[5] which is improper: "A motion for reconsideration should not 'be used to ask the Court to rethink what it has already thought[]' and is not a 'substitute for appeal or a means of attacking some perceived error of the court.'" *Cnty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1209 (N.D. Cal. 2017) (citations omitted); *see also Roshan v. Lawrence*, 2024 U.S. Dist. LEXIS 211430, at *2-3 (N.D. Cal. Nov. 20, 2024) ("Motions to amend or alter judgment under Rule 59(e) are not intended to give dissatisfied litigants a second bite at the apple.").

Hall's "errors of law" also reflect a basic misunderstanding of the authorities he invokes. Hall suggests, for example, that the Court erred because it found that Section 230 protected YouTube's content-moderation actions ***despite*** the "good faith" requirement of Section 230(c)(2)(A) (Mot. ¶ 19) and ***despite*** the Ninth Circuit's decision in *Enigma Software* (*id.* ¶ 15). But as YouTube already explained to Hall, YouTube did not invoke Section 230(c)(2) at all, and there is no "good faith" requirement in Section 230(c)(1), the provision of the statute on which YouTube actually did rely. *See* ECF No. 24 at 9. Similarly, *Enigma* concerned the interpretation of Section 230(c)(2)(A)'s "otherwise objectionable" language and did not address Section 230(c)(1) at all. *Enigma Software Grp. USA, LLC v. Malwarebytes, Inc.*, 938 F.3d 1026 (9th Cir. 2019).

Hall's other assertions of legal error are equally misguided. Contrary to Hall's suggestion (Mot. ¶ 16), nothing in *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096 (9th Cir. 2009), transforms YouTube's videos explaining its copyright protection efforts into enforceable contractual promises. Nor does *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342 (1992), suggest that the implied covenant of good faith and fair dealing can be used to create obligations that are not contemplated by the parties' contract, as Hall would have done. *See* Mot. ¶ 20. Likewise misplaced is Hall's reliance on the Ninth Circuit's decisions in *Roommates* and *Internet Brands* in his bid to evade Section 230. *See* Mot. ¶¶ 17-18, 24. Nothing in *Fair Housing Council v. Roommates.com*, 521 F.3d 1157 (9th Cir. 2008), renders YouTube's routine processing of

---

[5] *Compare, e.g.*, Mot. ¶¶ 15-20, 24, *with* ECF No. 23 at 8-9, 26-29, 36-41, 44-47, 51, *and* ECF No. 38 at 7-9.

1  DMCA notices a "material[] contribut[ion]" to the illegality of any third-party content. *See* Mot.

2  ¶ 17. And as this Court explained, Hall cannot evade Section 230's bar by invoking *Doe v. Internet*

3  *Brands, Inc.*, 824 F.3d 846 (9th Cir. 2016) (*see* Mot. ¶¶ 18, 24), a fundamentally different case that

4  "did not involve the moderation of third-party content but rather the failure to warn of offline

5  criminal conduct unrelated to publishing decisions." May 5 Order at 11-12.[6]

6        That Hall clearly disagrees with the Court's conclusions—however vehemently—does not

7  render them erroneous, and certainly does not justify the remarkable relief of Rule 59(e).

**CONCLUSION**

9        Hall's motion to alter or amend the judgment should be denied.[7]

11                                                     Respectfully submitted,

12  Dated: December 17, 2025                 WILSON SONSINI GOODRICH & ROSATI
                                                 Professional Corporation

14                                                   By:     */s/ Kelly M. Knoll*
                                                          Kelly M. Knoll
15                                                           kknoll@wsgr.com

16                                                 Counsel for Defendant
                                               YOUTUBE, LLC

---

[6] Hall purports to raise "errors" relating to spoliation and retaliation. Mot. ¶¶ 21-23, 25-26. While those claims are baseless, and Hall's related motion for sanctions was properly denied, the Court's dismissal of Hall's Amended Complaint did not turn on Hall's claims of spoliation or retaliation and they thus have no bearing on the present Motion.

[7] The Court need not reach Hall's request for further leave to amend. *See Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1133 n.5 (9th Cir. 2020) ("a motion to amend the complaint can only be entertained if the judgment is first reopened"). Hall's proposed Second Amended Complaint (ECF No. 43-1), which fails to cure the defects repeatedly highlighted by the Court, makes plain that permitting Plaintiff further leave to amend would be futile.