**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DASHAY HALL SR., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| YOUTUBE, LLC | ) ) |
| Defendant, | ) |

CASE NO.:  3:24-cv-04071

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59(e) AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**Judge:** Hon. William H. Orrick

**TO THE HONORABLE WILLIAM H. ORRICK:**

1.  Plaintiff DaShay Hall Sr. respectfully submits this Reply to Defendant YouTube, LLC's Opposition (Dkt. No. 44, filed December 17, 2025). Plaintiff approaches this submission with the utmost respect for the Court's authority and integrity, while firmly asserting that the Judgment must be vacated to correct multiple manifest errors of fact and law. Defense Counsel Kelly Knoll has placed this Court in an untenable bind by securing a dismissal based on foreign law and a knowingly false narrative of an "online feud." Counsel's systemic disregard for the

truth and unprofessional conduct requires a thorough investigation for Rule 11 violations and the imposition of severe sanctions.

## I. THE LEGAL STANDARD FOR PROFESSIONAL CANDOR: FEDERAL RULE 11

2. Before addressing the specific misrepresentations that have poisoned this record, Plaintiff reminds Counsel of her mandatory duties under **Federal Rule of Civil Procedure 11(b)**:

"By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney... certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose...; (2) the claims, defenses, and other legal contentions are warranted by existing law...; and (3) the factual contentions have evidentiary support."

3. Counsel has willfully violated every prong of this Rule. The United States Court of Appeals for the Ninth Circuit has held that sanctions are mandatory when an attorney makes false, misleading, and unsupported factual assertions to secure a legal advantage. *See Lake v. Gates*, Case No. 23-16022, 2025 WL 2221602 (9th Cir. March 14, 2025).

## II. THE NINTH CIRCUIT MANDATORY PRECEDENTS: THE LEGAL BARRIERS TO DISMISSAL

4. To assist the Court in correcting the manifest errors enabled by Defense Counsel, Plaintiff provides the following binding Ninth Circuit law which precludes dismissal in this action:

a. **Immunity Forfeited for Bad Faith:** Section 230 immunity is not a shield for actions driven by "bad faith" or "anticompetitive animus." *See Enigma Software Group USA, LLC v. Malwarebytes, Inc.*, 946 F.3d 1040, 1052 (9th Cir. 2019) (decided December 31, 2019). Counsel's admission that YouTube moderated without a requirement for good faith triggers this forfeiture.

b. **Specific Promises Override Immunity:** Section 230 does not protect a platform from claims based on a "breach of a specific contractual promise." *See Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1107 (9th Cir. 2009) (decided June 22, 2009). YouTube's written license for "Built To Last" constitutes such a promise.

c. **Duty to Warn of Offline Crime:** A platform has an independent Duty to Warn users of known criminal traps (such as predators utilizing the site to identify victims) when the warning is unrelated to traditional publication decisions. *See Doe v. Internet Brands, Inc.*, 824 F.3d 846, 851 (9th Cir. 2016) (decided May 31, 2016). Counsel's concealment of verified physical assaults facilitated the very "criminal trap" the Ninth Circuit recognizes as actionable.

d. **Spoliation Duty Commences Upon Anticipation:** The legal duty to preserve evidence—and suspend destructive "routine moderation" systems—begins as soon as litigation is reasonably anticipated. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012) (decided July

25, 2012). Plaintiff provided formal notice of litigation to YouTube on May 2, 2024, yet Counsel admits YouTube willfully kept their "Bots" on for eighteen months doing "routine moderation."

## III. DEFENSE COUNSEL'S WILLFUL MISREPRESENTATIONS AND SYSTEMIC RULE 11 VIOLATIONS

5. **A. Counsel Framed a Federal Criminal Enterprise as a "Feud" to Secure Dismissal**

a. Plaintiff is a law-abiding citizen who ACTIVELY utilizes the legal system afforded by law—filing formal complaints, submitting verified notices, and reporting crimes to the FBI.

b. In stark contrast to the multi-state criminal record of the perpetrators, Plaintiff has zero open court cases against him and is not being accused of any federal crimes in any state.

c. The filing of this lawsuit and the accompanying RICO action (*Hall v. Brown*) were whistleblowing acts seeking protection from criminal activity, not a "feud".

d. **Total Lack of Evidence for "Feud" Narrative:** Defense Counsel has repeatedly characterized this litigation as an "online feud" or "personal dispute" to trigger Section 230 immunity. No evidence exists, or has ever existed, that supports this characterization; it is a fabrication created by Counsel to secure a dismissal**.** Presenting a "feud" narrative that is entirely unsupported by the evidence in the record is a direct violation of the Duty of Candor and Rule 11.

e. **Actual Knowledge of Crimes Since July 2024:** Counsel has committed a **Fraud on this Court** by claiming there is no "offline criminal conduct" in this case to trigger a Duty to Warn. In the Opposition, Counsel argued that *Doe v. Internet Brands* is inapplicable because that case involved *"offline criminal conduct unrelated to publishing decisions."*. Counsel has been in physical possession of evidence documenting physical assaults, doxxing "offline" from obtaining information through defendants platform illegally, witness tampering, interstate stalking, wire fraud, extortion, and other alleged crimes since the original Complaint was served in July 2024. By telling this Court no offline crime exists to warn about, Counsel has deceived the tribunal into granting immunity.

f. **Willful Blindness to Evidence of Fraud:** Counsel was sent concrete evidence of the "Fake Court Papers" fraud being used by third parties (Torain) to circumvent the DMCA process via email on January 15, 2025.

g. **NEWLY DISCOVERED EVIDENCE—Judicial Confirmation of Harassment:** On December 18, 2025, the "feud" narrative was judicially debunked in Cook County Case No. 2025-OP-011883 (*Ryan Sinwelski v. Jedidiah Brown*), where a court granted a one-year Plenary Order of Protection against Brown for verified criminal harassment. Ryan Sinwelski faced extreme harassment from Jedidiah Brown for approaching him offline for being embarrassed on "YouTube" and other platforms from reporting that was exposing his crimes, a common theme. Mr. Sinwelski also filmed Jedidiah Brown physically assaulting an individual with several other people. The judge saw the videos of Jeddiah Brown on YouTube

and gave the order.

h. **Escalation of Crime Due to Deception:** Because Counsel tricked this Court into "rubber-stamping" her "feud" narrative, the criminal enterprise (INA) has grown. This enterprise is currently the subject of the Oklahoma RICO action (50 defendants). Same with Troi Torain who is currently the subject of the *Winters v. Torain*, Case No. 3:25-cv-09549-VC (N.D. Cal. filed November 5, 2025), which documents the exact same DMCA fraud scheme using the defendants tools used against Plaintiff.

6. **B. Counsel's Own Monitoring Proves Selective Blindness**

a. Counsel proved her intent to malign Plaintiff by admitting she monitored his channel to find quotes for her motion.

b. To find those quotes, she had to scroll past video titles explicitly documenting the precise crimes Plaintiff was reporting, such as: **"BREAKING NEWS Jedidiah Brown Commits Perjury"** and **"BOMBSHELL Jedidiah Brown EXPOSED for FRAUD"** as well as over 20 others.

c. Counsel knowingly filtered out the fraud evidence to focus solely on "uncivil" comments, thereby framing the law-abiding whistleblower as a criminal just like the actual perpetrators.

7. **C. Counsel's Rule 11 Violations Regarding Professional Conduct**

a. **Refusal to Confer:** Counsel improperly dismissed Plaintiff's right to represent himself (28 U.S.C. § 1654) by telling him to **"secure representation"** and threatening him with **"serious consequences"** for what she labeled "frivolous

claims."

b. **The Spoliation Admission:** Counsel brazenly argued YouTube had **"no duty** to protect others from conduct of third parties.**".** This statement is a confession that Defendant failed to implement a mandatory Litigation Hold, resulting in the intentional destruction of evidence (spoliation).

8. **D. Counsel's Shocking Admission that "Good Faith" is Not Required**

a. Counsel's Opposition shockingly asserts that "there is no 'good faith' requirement in Section 230(c)(1).**".**

b. This is a Material Admission of Bad Faith. By claiming they have no duty to act in good faith, Counsel has essentially confessed that YouTube's targeting of Plaintiff—including the "Sexualizing a Minor" false label—was driven by bad faith litigation animus.

## IV. THE JUDGMENT IS VOID DUE TO MANIFEST ERRORS OF LAW AND FACT

9. **A. Errors Regarding Contractual Claims (Void on its Face)**

a. **The "Indian Terms of Service" Error is Fatal:** Counsel admits the Court used the "YouTube TOS from India" to dismiss this case but labels it "harmless.". Counsel's own prior filings prove she knew the U.S. TOS controlled as early as October 2024. Standing silent while the Court applies foreign law to a domestic U.S. dispute is a violation of the Duty of Candor (Rule 3.3).

b. **The "Built To Last" License Fraud:** The Court dismissed claims despite the specific license granted to Plaintiff for the song "Built To Last." Counsel's

response—pretending this license is merely "videos explaining efforts"—is a knowingly false statement. The actual written license notice and the May 2, 2024 Notice of Legal Action specifying its breach have been in the record since the case began in July 2024.. This mischaracterization to secure a dismissal constitutes a Fraud on the Court.

c. **The AdSense Entity Error:** The Court erred by dismissing the Tortious Interference claim assuming YouTube and AdSense are the same entity. Counsel admits AdSense and YouTube are separate services of Google, LLC. YouTube LLC is a third party to that contract and cannot have "discretion" in an agreement it did not sign; it can only interfere with it.

10. **B. Errors Regarding Tort/Immunity Claims**

a. **Spoliation of Evidence (Apple v. Samsung):** Counsel labels the ongoing destruction of evidence as "routine moderation" and "routine processing.". Plaintiff provided formal notice of litigation on May 2, 2024. Counsel's admission proves YouTube kept their "bots" on long after its duty to preserve arose.

b. **Facilitation of Fraud (Roommates.com/Pumphrey):** The Court ignored the sworn evidence that third parties used "Fake Court Papers" to remove Plaintiff's content. Counsel's characterization of this fraud as "routine processing" confirms that Defendant materially contributed to illegality, thereby forfeiting immunity under *Fair Housing Council v. Roommates.com, LLC*, 521 F.3d 1157, 1167-68 (9th Cir. 2008).

## V. CONCLUSION AND JUDICIAL REMEDY

11. Plaintiff respectfully maintains that the Judgment is void. Defense Counsel Kelly Knoll is a liar who has put this Court in an impossible bind by securing a Judgment based on proven lies and foreign law.

12. Plaintiff is a law-abiding citizen with zero open court cases against him and no accusations of federal crimes in any state. The other parties can't claim the same. Plaintiff respectfully requests that this Honorable Court:

    a. **VACATE** the Judgment pursuant to Rule 59(e) based on the manifest errors of fact (Indian TOS, AdSense entity distinction) and the clear legal errors (Spoliation/License violations).

    b. **GRANT** leave to file the Second Amended Complaint to align the pleadings with the confirmed criminal enterprises and governing Ninth Circuit law.

    c. **INITIATE** a formal investigation and impose Rule 11 sanctions against Kelly Knoll for the deliberate and documented deception of this Court.

13. Should the Court fail to correct these manifest errors of law and allow the Judgment to stand, Plaintiff will be compelled to immediately present these issues for De Novo Review by the Ninth Circuit Court of Appeals.

Respectfully submitted,

Dated: 12/19/2025

By: __/s/ DaShay Hall Sr. _____

DaShay Hall Sr.

629 Westridge Court

Yukon, OK 73099

Tel: (317) 697-0781