UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAY LOUIS HALL,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUTUBE, LLC,<br><br>    Defendant. | Case No. 24-cv-04071-WHO<br><br>**ORDER DENYING MOTION FOR RELIEF UNDER RULE 50(E)**<br><br>Re: Dkt. No. 43 |

Plaintiff's motion to alter or amend the judgment to reopen this case and allow him to file his proposed Second Amended Complaint is DENIED.[1] Dkt. No. 43.[2]

Hall argues that "newly discovered evidence" requires a reopening of his case; specifically, "newly discovered evidence of active federal racketeering" that is the subject of a different lawsuit Hall filed in the Western District of Oklahoma on Friday November 21, 2025 (a few days before this case was dismissed and judgment entered on November 24, 2025). *See Hall v, Brown*, Case No. 25-cv-01401-PRW (W.D. Okla.). In that case, Hall alleges a criminal enterprise of over 50 individuals is using defendant YouTube's platform and other methods to commit illegal acts. *See* Complaint, Dkt. No. 1. Defendants named in the Oklahoma suit allegedly submitted to YouTube some of the DMCA notices or counternotices Hall complained of in this case.

---

[1] This matter is appropriate for resolution on the papers and the January 14, 2026 hearing is VACATED. Civ. L.R. 7-1(b).

[2] Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend a judgment may be granted only: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). In determining a Rule 59(e) motion, the "district court enjoys considerable discretion in granting or denying the motion" but "amending a judgment after its entry remains "an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc) (per curiam).

Hall also identifies as newly discovered evidence a case filed in this District on November 5, 2025, by a different plaintiff against one of the actors Hall alleged was making improper DMCA notices or counternotices in this case. *See Winters v. Torain*, Case No. 25-cv-09549-VC. In that case, defendant Torain is alleged to have filed sham Copyright Claims Board actions to override DMCA counternotices. In this case, Hall similarly alleged that Torain filed false CCB claims which YouTube relied on to override counternotices.

Neither of these cases nor the allegations made therein constitutes newly discovered or otherwise unavailable evidence under Rule 59(e). The acts Hall complains of in his Western District of Oklahoma suit do not appear to be new or newly discovered evidence under Rule 59(e). The *Winters v. Torain* suit was filed before the Order was issued in this case and concerns similar allegations Hall made against Torain in this suit. The evidence is neither new nor previously unavailable.

Plaintiff then complains that after this case was dismissed and judgment entered, one of the defendants in his Oklahoma action "retaliated" against him by forcing YouTube to issue two "strikes" against plaintiff's channels. Hall argues that YouTube should not have acted on these post-judgment requests by third-parties because they were "blatantly false." Mot. ¶¶ 9-12.

At base, all of the "new" evidence Hall identifies concern the same type of content moderation decisions alleged in Hall's prior complaints in this case. As explained in my November 24, 2025 Order dismissing the First Amended Complaint and directing entry of judgment, Hall's tort claims against YouTube are barred by Section 230 of the Communications Decency Act (CDA). Hall may have plausible claims against the defendants in his Oklahoma suit or against Torain for sham CCB claims, but those claims should be litigated in cases where those individuals are the named defendants.

None of the asserted errors of fact or law Hall presents in the motion justify relief under Rule 59(e). Mot. ¶¶ 13-16. Hall failed and fails to identify any provision in YouTube's United States Terms of Service that could support a breach of contract. Any tortious interference or other tort claim would be barred by Section 230 as Hall only complained of YouTube's content

moderation conduct.³  The remainder of Hall's arguments in support of Rule 59(e) relief are reiterations of matters already argued and decided that cannot support Rule 59(e) relief.  *See Bey v. Malec*, No. 18-CV-02626-SI, 2020 WL 3058336 at *2 (N.D. Cal. June 9, 2020), at *2 (noting that "mere doubts or disagreement" with the court's decision do not constitute clear error for the purposes of Rule 59(e)); *see also J & J Sports Prods., Inc. v. Juanillo*, No. C-10-01801-WHA, 2011 WL 335342, at *1 (N.D. Cal. Feb. 1, 2011) ("The possibility of reasonable disagreement does not indicate clear error."). ⁴

**IT IS SO ORDERED.**

Dated: January 8, 2026


William H. Orrick
United States District Judge

---

³ Contrary to Hall's assertions, I did not rely on the YouTube India's Terms of Service in dismissing his claims.  Mot. ¶ 13; Reply ¶ 1.  I noted only that Hall had failed to identify *any* specific and enforceable contractual promise YouTube made in its Terms of Service (from India, which Hall submitted), or from the United States (which YouTube submitted) that could support a claim of breach of contract.  *See* November 2025 Order at 2-3.

⁴  I note that Hall did not allege a defamation claim against YouTube in his original or First Amended Complaint.  Instead, he complained of YouTube's content moderation decision.  *See* November 2025 Order at 6-7 n.5.  In the November Order, I noted that had Hall alleged a defamation claim, it would have failed because there were no allegations that YouTube published the fact that Hall's account was suspended for "sexualization of a minor."  *See id*. (noting that to state a defamation claim there must be allegations that the statement was published to a third person).

3